UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
MALONE/PLATTSBURGH DIVISION

JAMES DIEFFENBAUCH, individually &
on behalf of all similarly situated,

    Plaintiff(s)

v.

Case Number   8:17-CV-1180 (LEK/CFH)
Collective Action

RHINEHART RAILROAD
CONSTRUCTION, INC.

    Defendant.
_____/

Complaint & Jury Demand

    1.    The named Plaintiff, James Dieffenbauch, individually and on behalf of all similarly situated, sues Defendant, Rhinehart Railroad Construction, Inc., pursuant to 29 U.S.C. § 216(b) for unpaid overtime.

    2.    Defendant is a foreign company.

    3.    Defendant conducts business in, among other states, New York.

    4.    Named Plaintiff worked for Defendant from June 2016 through October 2017.

    5.    Named Plaintiff worked for Defendant in New York, among other states.

    6.    Named Plaintiff conducted work for Defendant in St. Lawrence County, New York.

    7.    Violations of the Fair Labor Standards Act (FLSA) occurred in among other locations, St. Lawrence County, New York, by Defendant upon named

Plaintiff as well as some other putative class members that performed work in the county.

8. Named Plaintiff worked for Defendant as an operator and laborer.

9. Defendant employed named Plaintiff as a manual laborer on railroad construction and maintenance projects.

10. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Defendant provides railroad construction and maintenance services.

12. Defendant has been providing services for over forty (40) years.

13. Defendant provides new track construction, repair, rehabilitation and removal, which includes welding and signal work.

14. Defendant employs and has employed manual laborers on railroad construction and maintenance projects. These workers will be referred to as "Railroad Workers."

15. Defendant expects that Railroad Workers will travel from project locations away from home and back to home without compensation.

16. Plaintiff(s) are paid an hourly wage for hours in which they perform manual labor at the site of their assigned projects.

17. Defendant neither paid Plaintiff(s) for time spent travelling from home to an assigned project location nor from an assigned project location back to home site.

18. Defendant pays Plaintiff(s) per hour.

19. Defendant's No Pay for Travel Policy violates 29 U.S.C. § 207(a)(1).

20. Plaintiff(s) regularly work over forty hours a week and receive overtime for some hours of overtime but not all hours of overtime worked.

21. Specifically Plaintiff(s) are not paid overtime due to Defendant's No Pay for Travel Policy.

22. For instance during a workweek an operator and/or laborer are required to travel from their home state (e.g. West Virginia) to a different state (e.g. New York); Plaintiff(s) are not paid for the travel time to the project location nor back home, even though they are paid hourly and receive overtime when they work over forty hours at the job site.

23. This complaint covers only travel away from home. It does not encompass any travel time excluded by the Portal-to-Portal Act.

24. An employer must pay an employee overtime pursuant to 29 U.S.C. § 207(a)(1).

25. Defendant did not comply with 29 U.S.C. § 207 as it relates to Plaintiff(s).

26. Defendant has annual gross revenues of over $500,000.

27. Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as vehicles, cell phones, tools and materials.

28. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

29. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

30. Defendant employed named Plaintiff.

31. Defendant was named Plaintiff's employer as defined by 29 U.S.C. § 203(d).

32. Defendant willfully violated the FLSA.

33. Defendant acted in reckless disregard of the FLSA.

34. Plaintiff(s) are owed overtime for the work they performed for Defendant.

35. Defendant has been the employer of Plaintiff(s) as defined by 29 U.S.C. § 203(d).

36. Defendant did not pay Named Plaintiff for travel that is all in the day's work pursuant to 29 C.F.R. § 785.38.

37. Defendant did not pay Named Plaintiff for travel away from home community pursuant to 29 C.F.R. § 785.39.

38. The Plaintiff(s) had similar job duties.

39. The Plaintiff(s) were paid pursuant to the same pay policy.

40. There are similarly situated employees to named Plaintiff that would like to recover unpaid overtime.

41. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c).

42. Defendant only paid Plaintiff(s) for hours at the job site.

43. Defendant solely possesses the schedules of each Plaintiff, which discloses the location where work was completed, the dates work was completed, the

hours paid to each Plaintiff, the hourly rate used to pay each Plaintiff and the workweek.

44. Upon receipt of Defendant's records, identified in the previous paragraph, named Plaintiff and each Plaintiff will be able to estimate their damages.

45. Without the information solely possessed by Defendant Plaintiff(s) are unable to estimate their damages, because the location worked varied from week to week, the days worked varied and the regular rate of pay varied.

46. Defendant knew the home location of each Plaintiff.

47. Defendant knew the location, start time and end time of each job each Plaintiff worked.

48. Nevertheless Defendant failed to pay Plaintiff(s) for their travel time.

49. When total travel time for a week brings the total hours of work above forty for any Plaintiff then they should have been paid overtime.

50. Plaintiff(s) demand their pay, time and work records so they may calculate damages.

51. Prior to filing suit the named Plaintiff objected to Defendant for not paying him compensable travel time that was overtime pay. Defendant responded that Plaintiff(s) would not receive overtime pay for travelling.

52. Plaintiff(s) demand trial by jury.

Wherefore, Plaintiff(s) demand pursuant to Section 16(b) of the FLSA facilitation of notice of rights to putative class members, conditional class

certification, class certification, unpaid overtime, liquidated damages, judgment, attorneys' fees and costs.

Respectfully submitted this 23rd day of October 2017,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Bar Roll Number 519601
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, Kentucky 40507
Tel – (859)219-4529
Direct – (859)286-8368
Email – bmazaheri@forthepeople.com