UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES DIEFFENBAUCH, individually
and on behalf of all similarly situated

                        Plaintiff(s),
    -against-                                        8:17-CV-1180 (LEK/CFH)

RHINEHART RAILROAD
CONSTRUCTION, INC.,

                        Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

James Dieffenbauch (the "Named Plaintiff") brought this action on behalf of himself and all similarly situated (collectively, "Plaintiffs") against Rhinehart Railroad Construction, Inc. Dkt. No. 1 ("Complaint"). In the Complaint, Named Plaintiff alleges Defendant violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq. See generally id. Named Plaintiff specifically asserts that, by not compensating travel time, Defendant violated § 207(a)(1), an FLSA provision governing overtime pay.

Before the Court are: (1) Defendant's motion to dismiss the claims of certain opt-in plaintiffs for lack of personal jurisdiction, Dkt. No. 76-3 ("Motion to Dismiss"); (2) Defendant's motion to amend the Motion to Dismiss, Dkt. No. 89-2 ("Motion to Amend"); and (3) Defendant's motion to either dismiss claims by certain plaintiffs who allegedly failed to comply with discovery obligations or compel their compliance, Dkt. No. 75-3 ("Discovery Motion"). Plaintiffs oppose all motions. Dkt. Nos. 98 ("Response to Motion to Dismiss"), 100 ("Response to Motion to Amend"), 101 ("Response to Discovery Motion"). Defendant filed replies. Dkt. Nos. 110 ("Reply I"), 112 ("Reply II").

For the reasons discussed below, the Court grants Defendant's Motion to Amend the Motion to Dismiss, denies Defendant's Motion to Dismiss, and denies Defendant's Discovery Motion.

## II.     BACKGROUND

### A. Factual History

This Court summarized Named Plaintiff's factual allegations in its Memorandum-Decision and Order granting conditional certification as an FLSA collective action, see Dkt. No. 38 ("August 2018 Memorandum-Decision and Order"), familiarity with which is assumed. For convenience, the Court briefly summarizes Named Plaintiff's allegations here.

Named Plaintiff worked for Defendant, a railroad construction and maintenance provider, as an operator and laborer from June 2016 to October 2017. Compl. ¶¶ 4, 8, 11. Defendant allegedly failed to pay Named Plaintiff for travel "from home to an assigned project location" and "from an assigned project location back to home site." Id. ¶ 17. Though Defendant's railroad workers receive overtime for time spent working on job sites when they have already worked forty hours in a week, they do not receive overtime in all cases for travel time. Id. ¶¶ 21–22. "To date, 43 of Defendant's current and former Railroad Workers have [opted] into this action to pursue their unpaid wages." Dkt. No. 105 at 4.[1] "Four plaintiffs were deposed during discovery as a representative sample of the Opt-In Plaintiffs[.]" Dkt. No. 77-4 at 4.

### B. Procedural History

#### 1. Commencement and Certification

---

[1] The Court refers to these individuals collectively as the "Opt-In Plaintiffs."

Plaintiff initiated this action by filing the Complaint on October 23, 2017. See generally Compl. Defendant filed an answer on November 21, 2017. Dkt. No. 6 ("Answer"). On August 30, 2018, this Court granted Plaintiff conditional certification as an FLSA collective action. See generally Aug. 2018 Mem.-Decision and Order. The conditionally certified class consists of:

> All persons employed by Rhinehart Railroad Construction, Inc. As "Railroad Workers" ("Operators/Laborers") in Pennsylvania, North Carolina, New York, Massachusetts, and/or Maryland from October 2014 to the present, who worked more than forty (40) hours per week and were paid an hourly rate but were not paid for travel time from: (a) their home to an assigned project location; (b) one assigned project location to another assigned project location; and/or (c) an assigned project location[] back to their home.

Aug. 2018 Mem.-Decision and Order at 12.

*2. Discovery*

On August 26, 2019, Defendant served its requests for production of documents on Opt-In Plaintiffs. See Dkt. No. 75-1 ("Nadir Affirmation I") ¶ 3; see also id., Ex. A (the "RFPs"). Then, on January 23, 2020, Defendant served its First Set of Interrogatories on Opt-In Plaintiffs. See Nadir Affirmation I ¶ 14; see also id., Ex. D (the "Interrogatories").

*3. The Instant Motions*

On July 7, 2020, Defendant moved to dismiss claims brought against it by nineteen Opt-In Plaintiffs (the "Out-of-State Plaintiffs"),[2] arguing that the Court does not have personal

---

[2] The Out-of-State Plaintiffs are Jamey Maxwell, David Weatherspoon, Scott Bergelt, Alphonso Burrow, Jeffrey Hampton, Furretho Murray, Lawrence Bossart, Devin Lowery, Larry Dorsey, Travis LaPlance, William Diggs, William Holley, Christopher Bush, Derek Weiman, Gary Weatherspoon, Jarvis Johnson, Mark Barber, Robert Hoak, and Jason Pruitt. See Mot. to Dismiss at 2.

3

jurisdiction.

On July 28, 2020, Defendant moved to amend the Motion to Dismiss. See generally Mot. to Amend. Specifically, Defendant seeks to withdraw its argument that it pleaded lack of personal jurisdiction in its Answer.[3] See Dkt. No. 89-1 ("Nadir Affirmation II") ¶¶ 7–8 ("Upon further review, Defendant agrees with Plaintiff that the Answer did not include a personal jurisdiction defense. Defendant therefore seeks to remove that specific argument from its motion, but to maintain its request to Amend its Answer to assert a personal jurisdiction defense and for dismissal of the out-of-state plaintiffs."); see also Mot. to Dismiss at 7 (arguing that Defendant pleaded lack of personal jurisdiction).

## III.     DISCUSSION

### A.  Motion to Amend

At the outset, the Court notes that Plaintiffs failed to address Defendant's argument that it should be permitted to amend the Motion to Dismiss. See generally Resp. to Mot. to Amend. In the Motion to Amend, Defendant seeks to withdraw an argument—made in its Motion to Dismiss—that it raised lack of personal jurisdiction over the Out-of-State Plaintiffs in the Answer. See Mot. to Dismiss at 7 (arguing that Defendant pleaded lack of personal jurisdiction); see also Mot. to Amend at 3 (seeking to withdraw that argument).

But Plaintiffs have not argued that Defendant should not be allowed to amend the Motion to Dismiss to withdraw its assertion that it pleaded the jurisdictional issue. In fact,

---

[3] Defendant's Motion to Amend followed a warning by Plaintiffs' counsel that it planned to seek sanctions for arguments made by Defendant in its Motion to Dismiss. See Nadir Affirmation, Ex. A (email from Plaintiffs' counsel to Defendant's counsel).

Plaintiffs appear to misunderstand the relief Defendant seeks in the Motion to Amend.[4] See Resp. to Mot. to Amend at 1 ("Specifically, Defendant seeks to amend its Motion to Dismiss to explicitly seek leave to amend its Answer to include the personal jurisdiction defense pursuant to Rule 15 of the Federal Rules of Civil Procedure."). But all Defendant asks in the Motion to Amend is to withdraw its argument that it pleaded lack of personal jurisdiction. See Nadir Affirmation ¶¶ 7 ("Upon further review, Defendant agrees with Plaintiff that the Answer did not include a personal jurisdiction defense."), 8 ("Defendant therefore seeks to remove that specific argument from its motion, but to maintain its request to Amend its Answer to assert a personal jurisdiction defense and for dismissal of the out-of-state plaintiffs.").

Turning to the merits of the Motion to Amend, this time *Defendant* confuses the issue. Defendant references Federal Rule of Civil Procedure 15, but that rule governs the amendment of pleadings. See Fed. R. Civ. P. 15(a)(1)–(2) (listing the circumstances in which a party may amend a *pleading*). Here, Defendant is seeking to amend a motion, not a pleading. See Mendoza v. Microsoft, Inc., 1 F. Supp. 3d 533, 541 (W.D. Tex. 2014) ("By its very terms, Rule 15(d) applies exclusively to pleadings asserting claims or defenses—not motions in general.") (emphasis in original); see also id. (citing the Black's Law Dictionary definition of "Pleading").

"Other courts have considered prejudice to the plaintiff and judicial economy in deciding whether to allow amendments to a motion to dismiss." Toy Styles v. Triple Crown

---

[4] Part of this confusion likely stems from the fact that, in the Motion to Dismiss, Defendant argued in the alternative that it should be permitted to amend its Answer. See Mot. to Dismiss at 7. The Motion to Dismiss, containing an in-the-alternative request to amend *the Answer*, was followed by a motion to amend *the Motion to Dismiss*. See generally Mot. to Amend.

Publications, LLC, No. 11-CV-3759, 2012 U.S. Dist. LEXIS 75038, at *8 (D. Md. May 29, 2012); see also id. nn.9–10 (collecting cases). The Court finds no prejudice to Plaintiff in granting the Motion to Amend because Defendant seeks to withdraw an argument from the Motion to Dismiss, not add one. Cf. Cross v. Simons, 729 F. Supp. 588, 590 n.1 (N.D. Ill. 1989) (allowing amendment of a motion to dismiss even where the proposed amendment would add a new defense). For the same reason—that Defendant is seeking to withdraw, rather than add, an argument—judicial economy is not threatened by allowing amendment.

Accordingly, Defendant's Motion to Amend the Motion to Dismiss is granted.

**B.  Motion to Dismiss**

Defendant argues that the claims by the Out-of-State Plaintiffs should be dismissed due to lack of personal jurisdiction. See generally Mot. to Dismiss.

*1. Waiver*

Plaintiffs argue Defendant waived the defense of lack of personal jurisdiction. See Resp. to Mot. to Dismiss at 7. The Court agrees.

Under Rule 12(h), "a party waives its defense of lack of personal jurisdiction if it fails to 'include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.'" Hume v. Farr's Coach Lines, Ltd., No. 12-CV-6378, 2016 U.S. Dist. LEXIS 152802, at *43 (W.D.N.Y. Nov. 3, 2016) (quoting Fed. R. Civ. P. 12(h)(1)(B)(ii) (emphasis omitted)).

Defendant filed the Answer on November 21, 2017. Docket. It admits that it did not plead lack of personal jurisdiction therein. See Nadir Affirmation II ¶ 7 ("Upon further review, Defendant agrees with Plaintiff that the Answer did not include a personal jurisdiction

defense."). On January 22, 2018, the Hon. Christian F. Hummel ordered that jurisdictional motions must be filed within sixty days. See Dkt. No. 24 ("Scheduling Order") at 1. Defendant did not file its Motion to Dismiss until July 7, 2020. Docket.

In arguing that its Motion to Dismiss was filed at a proper point in this litigation, Defendant relies heavily on Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87 (2d Cir. 2009). See Reply II at 3 ("All of Plaintiff's timeliness arguments can be resolved by a review of Hawknet[.]"). In Hawknet, the Second Circuit found a party had not waived a personal jurisdiction defense where raising that defense "would have been directly contrary to controlling precedent in this Circuit[,]" at the time the answer was filed. Hawknet, 590 F.3d at 92.

However, Hawknet is distinguishable from this case. First, Hawknet grappled with the effect of intervening binding authority on a party's failure to make an argument. See id. But the intervening authority cited by Defendant is a case from the Southern District of New York. See Reply II at 3 (citing Pettenato v. Beacon Health Options Inc., 425 F. Supp. 3d 264 (S.D.N.Y. 2019)). It is therefore not binding upon this Court and cannot allow Defendant to overcome waiver.

Second, Hawknet dealt with the issue of whether a party waives a personal jurisdiction *on appeal* by failing to present it to the district court below. See Hawknet, 590 F.3d at 91 ("[P]laintiff argues . . . that defendant waived its right to assert on appeal that the District Court lacks personal jurisdiction over defendant because defendant did not make any such argument before the District Court."). Here, the Court is asked to decide whether a party has waived the defense such that it can no longer be made to the district court.

Third, the intervening binding authority at issue in Hawknet "overruled" a precedent that "had governed . . . for seven years[.]" Hawknet, 590 F.3d at 92. In this case, Defendant does not identify any case law upon which it initially relied in refraining from raising personal jurisdiction and which Pettenato could have disturbed. See Mot. to Amend at 3–4 (discussing Pettenato). In other words, it is not clear why a personal jurisdiction argument was "not known to be available at the time [it] first could have been made." Holzsager v. Valley Hosp., 646 F.2d 792, 796 (2d Cir. 1981).

In sum, Defendant's personal jurisdiction defense has been waived under Rule 12(h). The Court does not reach the question of the potential impact of Pettenato because of the inapplicability of Hawknet.

      *2. Amendment*

In the Motion to Dismiss, Defendant argues in the alternative that it should be permitted to amend its Answer to assert lack of personal jurisdiction as an affirmative defense. See Mot. to Dismiss at 7–9. The Court denies leave to amend the Answer as futile.

Again, under Rule 12(h), "a party waives its defense of lack of personal jurisdiction if it fails to 'include it in a responsive pleading *or in an amendment allowed by Rule 15(a)(1) as a matter of course*.'" Hume, 2016 U.S. Dist. LEXIS 152802, at *43 (W.D.N.Y. Nov. 3, 2016) (quoting Fed. R. Civ. P. 12(h)(1)(B)(ii) (emphasis in original)). Turning then to Rule 15(a)(1), a party can only amend an answer as a matter of course within twenty-one days of serving it. See Fed. R. Civ. P. 15(a)(1)(A). Courts are authorized elsewhere in Rule 15 to "freely give leave" to amend. See Fed. R. Civ. P. 15(a)(2). But Rule 12(h) is clear that waiver has already occurred here because personal jurisdiction was not raised "in a responsive pleading or in an

amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B)(ii); see also Hume, 2016 U.S. Dist. LEXIS 152802, at *43 (noting "a party has only a very limited way to cure the problem of failing to include a personal jurisdiction defense in its original answer").

Because Defendant did not plead lack of personal jurisdiction nor raise it in a Rule 15(a)(1) amendment, permitting amendment now would be futile because the defense has already been waived. See Hume, 2016 U.S. Dist. LEXIS 152802, at *44 ("Accordingly, even if Tarten were permitted to amend its answer so that it includes a personal jurisdiction defense, this would not cure the problem here—its personal jurisdiction defense . . . would still be waived.").

Accordingly, the Motion to Dismiss is also denied to the extent it seeks to amend the Answer.

### C. Discovery Motion

The Court next turns to the Discovery Motion and assesses whether *it* was timely filed. Plaintiffs argue it was not. See Resp. to Discovery Mot. at 7–11. The Court agrees and therefore denies the Discovery Motion.

Federal Rule of Civil Procedure 37(a)(3)(B) states in part that: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Rule 37(d) empowers a court to order sanctions for certain failures to participate in discovery.

"Parties shall file and serve motions to compel discovery no later than fourteen (14) days after the discovery cut-off." L.R. 16.2. The discovery deadline in this case was March 6, 2020, see Dkt. No. 65, making motions to compel due March 20, 2020, see L.R. 16.2.

Therefore, if the Discovery Motion is in fact a motion to compel, it was untimely, having been filed on July 6, 2020. Docket. Plaintiff argues the missed deadline can be excused only upon a showing of "good cause." See Resp. to Discovery Mot. at 3 (citing Fed. R. Civ. P. 16(b)).

Defendant responds by framing its filing not as a motion to compel but rather as a dispositive motion. See Reply I at 2; see also Discovery Mot. at 1–2 (referring to the motion as one to compel "and/or" dismiss).[5] The Discovery Motion is dispositive, according to Defendant, because it "seeks dismissal of those Opt-In Plaintiffs who did not meet their discovery requirements, a remedy which is necessarily dispositive." Reply I at 2. Classifying the Discovery Motion as dispositive would mean it was timely filed. See Dkt. No. 72 (extending the deadline for filing dispositive motions to July 7, 2020).

The Court finds that the Discovery Motion is non-dispositive and therefore untimely. First, motions to compel are generally treated as non-dispositive. See, e.g., Lykken v. Brady, No. 07-CV-4020, 2008 U.S. Dist. LEXIS 39713, at *35 (D.S.D. May 14, 2008) ("A motion to compel discovery is not a dispositive motion."); Aevoe Corp. v. AE Tech Co., Ltd., No. 12-CV-53, 2012 U.S. Dist. LEXIS 142899, at *3 (D. Nev. Oct. 2, 2012) (same). Second, Defendant has not cited—and the Court has not unearthed—any case treating a discovery motion as dispositive.[6] See generally Reply I. Third, even discovery motions that seek a

---

[5] This is not the first time in this case that the Court has been asked to referee whether a motion is dispositive or non-dispositive. See Dkt. No. 104 (finding Defendant's motion to decertify, Dkt. No. 77, dispositive and therefore timely).

[6] Heendeniya v. St. Joseph's Hosp. Health Ctr. is the sole case relied upon by Defendant in countering Plaintiff's argument that the Discovery Motion is non-dispositive. No. 15-CV-1238, 2018 U.S. Dist. LEXIS 183281 (N.D.N.Y. Oct. 25, 2018); see also Reply I at 3–4. Heendeniya suggests dismissal is an available remedy under Rule 37 for failure to respond to discovery. Heendeniya, 2018 U.S. Dist. LEXIS 183281, at *7–8. But that case does not analyze whether

dispositive sanction are not necessarily treated as dispositive in a different context: Rule 72. See, e.g., Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., 328 F.R.D. 100, 118 (S.D.N.Y. 2018) (treating a motion seeking a dispositive sanction as non-dispositive because a dispositive sanction was not actually imposed).

Plaintiffs further argue that Defendant cannot show good cause for its untimely filing. See Resp. to Discovery Mot. at 7. The good-cause standard appears to come from Federal Rule of Civil Procedure 16(b), which states that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); see also Reply I at 5 ("Evne if the Court determines that Defendant's motion is an untimely motion to compel and not a motion to dismiss, the Court may excuse a party from a date within a scheduling order pursuant to FRCP 16."). The Court is not convinced that even good cause could have excused the missed deadline; the motion-to-compel deadline came from this District's Local Rules of Practice, not a scheduling order. See L.R. 16.2 ("Parties shall file and serve motions to compel discovery no later than fourteen (14) days after the discovery cut-off."). And Local Rule 16.2 does not contain a safe-harbor provision for deadlines missed for good cause.

Even if the Court were to excuse untimeliness if good cause can be shown, Defendant has not made an adequate showing. Defendant's primary argument here is that its untimely filing should be considered on the merits because Plaintiff also filed a late motion to compel. See Reply I at 5–6 (citing Dkt. No. 80). But Defendant appears to have willingly complied with Plaintiffs' request, preventing any ruling on timeliness. See Dkt. No. 85. And the Court cannot conclude that Plaintiffs' apparently late request has any bearing on whether Defendant can

---

discovery motions seeking dismissal as a remedy are dispositive. See generally id.

show "good cause" for its late request.

Accordingly, the Discovery Motion is denied as untimely.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Amend its motion to dismiss (Dkt. No. 89-2) is **GRANTED**; and it is further;

**ORDERED**, that Defendant's Motion to Dismiss for lack of personal jurisdiction (Dkt. No. 76-3) is **DENIED**; and it is further;

**ORDERED**, that Defendant's Discovery Motion (Dkt. No. 75-3) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     February 08, 2021
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge