UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES DIEFFENBAUCH, Individually &
on behalf of all similarly situated

Plaintiff,

-against- 8:17-CV-1180 (LEK/CFH)

RHINEHART RAILROAD
CONSTRUCTION, INC.,

Defendant.

---

**DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff James Dieffenbauch ("Plaintiff" or "Dieffenbauch") brings this action against Defendant Rhinehart Railroad Construction, Inc. ("Defendant" or "Rhinehart"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. See Dkt. No. 1 ("Complaint"). The parties' stipulated deadline for the completion of discovery expired on March 6, 2020. See Dkt. No. 65. Presently before the Court is Plaintiff's request to modify the scheduling order to extend the expert disclosure deadline to September 23, 2021. See Dkt. Nos. 118 ("Motion") and 120 ("Opposition"). Because the Plaintiff has not established good cause for reopening discovery for that purpose, Plaintiff's request is hereby denied.

## II. BACKGROUND

The Court will briefly summarize the relevant portions of the case's procedural history:

On March 19, 2019, the parties' proposed joint schedule was approved. See Dkt. Nos. 48 and 49. Discovery was due by November 18, 2019. Id. Furthermore, 90 days prior to the discovery deadline, Plaintiff had to identify any experts. See Dkt. No. 48.

On August 20, 2019, Plaintiff filed a motion to extend the deadline to identify his expert witnesses to September 19, 2019, which was granted. See Dkt. Nos. 53 & 54.

On September 19, 2019, Plaintiff submitted an unopposed motion to extend the discovery deadline and all deadlines by 90 days. See Dkt. No. 55. The request was granted in part. See Dkt. No. 56. The discovery deadline was now January 2, 2020, and the parties were "advised that no further extension requests will be granted." Id.

On December 30, 2019, Plaintiff submitted a request to extend discovery for a limited purpose. See Dkt. No. 61. Defendant opposed the request. See Dkt. No. 62. The request was ultimately granted and the discovery deadline for all purposes was reset to March 6, 2020. See Dkt. No. 65.

On July 10, 2020, Plaintiff requested a pre-motion conference regarding a discovery dispute. See Dkt. No. 80.

On July 22, 2020, Defendant was directed to provide Plaintiff with discovery by August 14, 2020. See Dkt. No. 87.

On August 14, 2020, Defendant provided Plaintiff with the outstanding documents. See Dkt. No. 94.

On June 9, 2021, Plaintiff requested that the Court open up discovery to allow the parties to secure an expert, and Defendant objected. See Dkt. No. 117. The Court allowed Plaintiff to file a motion as to this expert request by June 23, 2021. Id.

Plaintiff filed his Motion on June 23, 2021, and Defendant filed its opposition on July 14, 2021. See Motion and Opposition.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) allows for a court-ordered scheduling order to be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The decision to re-open discovery is within a district court's discretion." Krawec v. Kiewit Constructors Inc., No. 11-CV-0123, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013). "As a general rule, discovery should only be re-opened for good cause, depending on the diligence of the moving party." Id. "[T]he primary consideration in determining good cause is whether the moving party can demonstrate diligence." Rubik's Brand Ltd. v. Flambeau, Inc., 329 F.R.D. 55, 58 (S.D.N.Y. 2019); see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) ("A party seeking to reopen expert discovery must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence.").

A district court can determine whether good cause exists by considering the following factors:

> the moving party's explanation for failing to comply with the scheduling order and diligence in seeking a modification to the schedule, the importance and relevance of the expert testimony to the case, whether the party seeking the additional discovery has had an adequate opportunity for discovery, prejudice to the party opposing the request, and imminence of trial.

Rubik's Brand Ltd., 329 F.R.D. at 58. However, "[a]pplication of these factors is not mandatory and some courts choose not to consider them." Forte v. City of New York, No. 16-CV-560, 2021 WL 878559, at *2 (S.D.N.Y. Mar. 8, 2021) (citing Saray Dokum v. Madeni Aksam Sanayi Turizm A.S., 335 F.R.D. 50, 52 (S.D.N.Y. 2020)).

## IV. DISCUSSION

The Court begins by acknowledging that Plaintiff's explanation for failing to comply with the scheduling order is convincing: he did not receive the necessary records from Defendant until August 14, 2020, after seeking Court intervention. However, Plaintiff did not demonstrate why he waited nearly 10 months after receiving the August 2020 documents to seek to modify the scheduling order. District courts in this Circuit have recognized that a lack of diligence in seeking a modification to the existing discovery schedule weighs against granting such a modification. See, e.g., Forte, 2021 WL 878559, at *4 ("even assuming that the White Plains Defendants only found out that the discrepancy could be an issue at trial in late October 2020, their three-month delay before first raising their intention to utilize expert witness testimony or disclosing the identity of their witness evinces their lack of diligence in seeking a modification to the existing discovery schedule."); Rubik's Brand Ltd., 329 F.R.D. at 59 ("On balance, based on the above, the Court finds that RBL was sufficiently diligent in pursuing the product safety discovery and in seeking a modification of the expert disclosure deadline within a few weeks after taking Mr. Burke's deposition and a week after receiving a supplemental production from Defendant."). District courts in other Circuits have also recognized this factor:

> to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 order, . . . (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding the [movant's] diligent efforts to comply, because of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, ... and (3) that [the movant] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with that order . . . .

Jackson v. Laureate, Inc., 186 F.R.D. 605, 607–08 (E.D.Cal. 1999) (internal citations omitted) (emphasis added); see also Burton v. United States, 199 F.R.D. 194, 197 (S.D.W.Va. 2001) (same); Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 106 (D.D.C. 2005) (same).

"This smacks of gamesmanship. The [Plaintiff's] decision to sit idle on seeking leave to [retain an expert] without any plausible explanation for their delay weighs against granting their request now that discovery has closed in this case." Forte, 2021 WL 878559, at *4.

Of course, there are factors that do support Plaintiff's Motion. The expert report could be important and relevant to this case, and the trial will not commence until June 2022, Dkt. No. 117. At the same time, Defendant would be prejudiced with additional expenses and delays in resolution of this litigation. It has been nearly four years since Plaintiff commenced this action. See Docket. The Court has granted numerous discovery deadline extensions, and although Defendant did not produce the remaining documents until after discovery closed in August 2020, Defendant was not provided advance notice that Plaintiff was considering retaining an expert. If the Court grants the Motion, Defendant would have to wait for Plaintiff to retain an expert, wait for the expert to prepare a report, and then hire its own expert to adequately rebut Plaintiff's expert.

After reviewing the relevant factors, the Court determines that good cause does not exist to modify the existing scheduling order to allow expert discovery.[1]

---

[1] Defendant asserts that Plaintiff's Motion should be denied since it did not comply with the Local Rules. Opp. at 3 n.1. Since the Court is able to resolve this case on the merits, it need not consider Defendant's alternative argument.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to modify the scheduling order to extend the expert disclosure deadline to September 23, 2021 (Dkt. No. 118) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 13, 2021
Albany, New York

Lawrence E. Kahn
U.S. District Judge